El Pueblo de Puerto Rico, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de Mayagüez, Hon. Alfredo Archilla Guenard, Juez, demandado; Wilson Vargas Wiscovitch, interventor.

*Número:* O-72-47      *Resuelto:* 31 de enero de 1973

*Gilberto Gierbolini, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *Eudaldo Báez Galib* y *S. L. Lagarde Garcés,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Revisamos en este recurso la resolución del tribunal de instancia denegando una solicitud que le hiciera el Ministerio Público para que se ordenara al acusado Wilson Vargas Wiscovitch, aquí interventor, suministrarle información adicional con respecto a su notificación de la defensa de coartada, bajo la Regla 74 de Procedimiento Criminal. La información solicitada por el fiscal es la siguiente:

"a) Sitio en que se encontraba el acusado a la fecha y hora de la comisión del delito.

b) Desde qué hora se encontraba el acusado en ese sitio.

c) Hasta qué hora estuvo el acusado en ese sitio.

d) Diga la Defensa si habían algunas personas presentes en ese sitio en que se encontraba el acusado a la fecha y hora de la comisión del delito.

e) En caso de que la contestación anterior sea en la afirmativa suministre el nombre y dirección de las personas presentes allí.

f) Informe la Defensa al Fiscal qué documentos, escritos o papeles se propone utilizar para establecer su defensa de coartada informando en poder de quién se encuentran tales documentos, escritos o papeles.

g) Suministre la Defensa al Fiscal copia de todos los documentos, escritos y papeles que tenga en su poder para sostener su defensa de coartada independientemente que se proponga o no someterlos en evidencia o que los mismos sean o no admisibles en evidencia."

El acusado suministró al fiscal solamente el nombre y dirección de los testigos que se proponía utilizar para etablecer la defensa de coartada. La contención del Procurador General es que la resolución del tribunal de instancia denegando la orden solicitada deja prácticamente sin efecto la Regla 74 de Procedimiento Criminal porque le niega al fiscal la oportunidad de prepararse adecuadamente para refutar dicha defensa. Estamos de acuerdo.

La Regla 74 de Procedimiento Criminal dispone como sigue:

"Cuando el acusado hiciere alegación de no culpable e intentare establecer la defensa de incapacidad mental en el momento de la alegada comisión del delito imputádole, o cuando su defensa fuere la de coartada, deberá, por lo menos diez días antes del juicio, presentar en el tribunal un aviso al efecto, con notificación al fiscal. Si el acusado no presentare dicho aviso no tendrá derecho a ofrecer evidencia tendente a establecer tales defensas. El tribunal podrá, sin embargo, permitir que se ofrezca dicha evidencia cuando se demostrare la existencia de causa justificada para haberse omitido la presentación del aviso. En tal caso, el tribunal podrá decretar la posposición del juicio a solicitud de El Pueblo, conceder permiso para la reapertura del caso de El Pueblo, o proveer cualquier otro remedio apropiado."

Como puede verse, el texto de la Regla 74 solamente obliga al acusado a notificar al fiscal, por lo menos 10 días antes del juicio, su intención de valerse de la defensa de coartada o locura. No obstante, en *Pueblo* v. *Tribunal Superior*, 92 D.P.R. 116 (1965), expandimos el alcance de la Regla 74 para obligar al acusado a notificar, además, el nombre y dirección de los testigos que se propone utilizar para establecer dichas defensas. Reconocimos así la necesidad de atenuar las dificultades

inherentes del sistema adversativo suprimiendo la posibilidad de sorpresa y ocultación que lesionan el proceso de hacer justicia.

■ El propósito evidente de la Regla 74 es poner al Ministerio Público en condiciones de confrontarse con una defensa de coartada o locura. Usualmente estas defensas se presentaban en el juicio sin tiempo suficiente para que el fiscal investigara los hechos, verificara la certeza de los mismos y se preparara adecuadamente para refutarlos. Véase *Informe del Comité de Procedimiento Criminal de la Conferencia Judicial de Puerto Rico*, pág. 139 (1958).

La coartada es una defensa que puede fabricarse con facilidad y de ahí la preocupación por garantizar la pureza del procedimiento judicial. La Regla 74 protege ese interés legítimo del Estado al obligar al acusado a notificar antes del juicio la intención de valerse de esta defensa. El profesor Millar, destacado propulsor de la modernización del Procedimiento Criminal en los Estados Unidos ha explicado la necesidad del requisito de notificación en los siguientes términos:

"No es necesario demostrar que la fabricación de la defensa de coartada es una de las avenidas que más se usan por los culpables para obtener un fallo absolutorio. Además, los delitos de perjurio que se cometen anualmente conectados con la defensa de coartada son parte considerable de los crímenes que escapan sin que se procesen a los responsables. El perjurio podría corroborarse y se haría más difícil la fabricación de la defensa exigiéndole al acusado notificar al fiscal que intenta valerse de la misma para que éste pueda confirmarla o refutarla. Así es la práctica en Escocia, en donde no se le permite al acusado usar la defensa de coartada a menos que la alegue afirmativamente. Al así hacerlo, debe de especificar el lugar en donde supuestamente se encontraba al momento del crimen." Millar: *The Modernization of Criminal Procedure*, 11 J. Crim. L. & C. 350.

El requisito de notificación se apoya en sólidas y convincentes razones de orden procesal. Elimina el elemento de sorpresa y ocultación en el juicio que entorpece la búsqueda de

la verdad. Desalienta la fabricación de la defensa de coartada porque el acusado sabe de antemano que el fiscal investigará la información falsa que le suministre. Acelera los procedimientos en beneficio de una justicia rápida y económica, ya que si, investigada la coartada, el fiscal se convence de la veracidad de la defensa puede pedir la desestimación de la acusación; y, de todas maneras, tiene la oportunidad de prepararse para el juicio sin necesidad de pedir posposiciones. La notificación al fiscal establece ciertas garantías mínimas contra el fraude y la fabricación de prueba reduciendo así el aspecto peyorativo de la defensa de coartada. El requisito de notificación se considera un elemento muy importante en el contexto de un esquema liberal de descubrimiento de prueba. Véase Epstein, *Advance Notice of Alibi*, 55 J. Crim. Law C. & P. S. 29, 31 (1934). Louisell, *Criminal Discovery & Self-Incriminations: Roger Traynor Confronts the Dilemma;* Brenson, *Remarks on Discovery*, 33 F.R.D. 56; *Developments in the Law-Discovery*, 74 Harv. L. Rev. 840, 1051–1063; *State Allows Pre-Trial Discovery Against Defendant Who Raises Affirmative Defense*, Comentario, 76 Harv. L. Rev. 838, 842.

El interventor sostiene, sin embargo, que la Regla 74 viola su derecho a mantenerse en silencio y a no incriminarse. Ambos puntos fueron resueltos adversamente en *Pueblo* v. *Tribunal Superior*, supra, y en *Williams* v. *Florida*, 399 U.S. 78. En este último caso estaba envuelto el estatuto del Estado de Florida que obliga al acusado a informar el nombre de los testigos con sus direcciones y el lugar donde alega que se encontraba para la fecha de los hechos. El Tribunal Supremo federal específicamente resolvió que ello no violaba el privilegio de autoincriminación y que no lesionaba el debido procedimiento de ley ni el derecho del acusado a un juicio justo.

A la luz de todo lo anterior y del valioso interés social protegido por la Regla 74 debemos, entonces, interpretarla en consonancia con este propósito, promoviendo su eficacia como instrumento procesal útil para el descubrimiento de

la verdad, que es valor supremo en la administración de justicia. La defensa de coartada consiste esencialmente en la alegación del hecho de que el acusado no se encontraba en el lugar del crimen en la fecha y hora que se supone se cometió. Lugar, fecha y hora son los elementos esenciales de esta defensa los cuales tiene que investigar el fiscal para estar en condiciones de enfrentarse a ella. Sin el conocimiento de esos hechos básicos poco puede investigar el Ministerio Público. La notificación de la defensa sin la información de esos hechos no sería de mucha utilidad frustrándose así propósito fundamental de la Regla 74 de promover la búsqueda de la verdad. Por otro lado, la inclusión del lugar, fecha y hora en la notificación al fiscal no menoscaba ni lesiona los derechos del acusado. Al efecto señalamos en *Pueblo* v. *Tribunal Superior*, supra, que esta información es de naturaleza esencialmente exculpatoria y que se trata de información que el acusado se propone utilizar en el acto del juicio. En otras palabras, exigir su notificación antes del juicio no es más que acelerar el momento de su divulgación para coadyuvar al descubrimiento de la verdad.

El deber del acusado de notificar al fiscal su intención de valerse de la defensa de coartada, de suministrar los nombres y direcciones de los testigos y el lugar, fecha y hora en que alega se encontraba al momento de la comisión del delito conlleva recíprocamente la obligación del Ministerio Público de informarle al acusado el nombre y dirección de los testigos que se propone utilizar para refutar· la defensa de coartada en el acto del juicio. Este deber recíproco preserva el balance que garantiza las exigencias del debido procedimiento de ley y del juicio justo.

*Se deja sin efecto la resolución dictada por el tribunal de instancia el 1ro de septiembre de 1971 y se devuelve el caso* para que se dicte una orden dirigida al acusado para que suministre al Ministerio Público la siguiente información:

1. Sitio en que se encontraba el acusado a la fecha y hora de la comisión del delito.

2. Desde qué hora se encontraba el acusado en ese sitio.

3. Hasta qué hora estuvo el acusado en ese sitio.

4. Informe la defensa al fiscal qué documentos, escritos o papeles se propone utilizar para establecer su defensa de coartada informando en poder de quién se encuentran tales documentos, escritos o papeles.