EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GUILLERMO ACOSTA ACOSTA, acusado y apelante.

*Número:* CR-76-302      *Resuelto:* 28 de marzo de 1978

*Arcadio Toro Goyco,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Acusado y convicto de infringir la Ley de la Bolita, fue sentenciado el apelante a pagar $500 de multa. En su recurso de apelación apunta que la prueba es insuficiente. Sostiene, además, que el tribunal sentenciador incurrió en error al apreciar la prueba de coartada ya que ésta no fue controvertida.

El único testigo de cargo lo fue el agente encubierto que intervino con el apelante. Su declaración es precisa y detallada. No adolece de las deficiencias apuntadas en *Pueblo* v. *Ayala Ruiz,* 93 D.P.R. 705 (1966) y cumple sustancialmente con los requisitos enumerados en *Pueblo* v. *González del Valle,* 102 D.P.R. 374 (1974). Declaró con lujo de detalles cómo y dónde conoció al apelante, las veces en que habló con él, así como el lugar preciso donde se celebró la transacción el 9 de marzo de 1976 en horas de la mañana.

En cuanto a la cuestión levantada en relación con la defensa de coartada al efecto de que no habiendo presentado el fiscal prueba para refutarla, procedía darle crédito a la presentada por la defensa, no tiene razón el apelante. La expresión que aparece en *Pueblo* v. *Tribunal Superior,* 101 D.P.R. 133 (1973), en el sentido de que "[e]l deber del acusado de notificar al fiscal su intención de valerse de la defensa de coartada, de suministrar los nombres y direcciones de los testigos y el lugar, fecha y hora en que se alega se encontraba al momento de la comisión del delito *conlleva recíprocamente la obligación del Ministerio Público de informarle al acusado el nombre y dirección de los testigos que se propone*

*utilizar para refutar la defensa de coartada en el acto del juicio.* Este deber recíproco preserva el balance que garantiza las exigencias del debido procedimiento de ley y del juicio justo", (énfasis suplido), no tiene el alcance que le da el apelante. Solamente requiere que si el fiscal pretende presentar testigos para refutar los presentados por la defensa tiene que notificarlo con anterioridad al juicio si la defensa lo requiere. Pero no está obligado a refutar la prueba presentada por la defensa si entiende que no se justifica hacerlo.

Veamos lo ocurrido en el presente caso. La defensa presenta dos testigos—parientes del apelante—para establecer que el acusado estaba en Coamo en el momento que la prueba del fiscal lo sitúa en Cabo Rojo haciendo la transacción que dio base a la acusación por infringir la Ley Núm. 220 de 1948. Uno de los testigos de la defensa para establecer la coartada—sobrina del acusado—al repreguntarla el fiscal por qué se acordaba de la fecha precisa, 9 de marzo de 1976, explicó, según la exposición narrativa: "cuando regresamos de dos a dos y media, que no estoy segura, reposamos y nos sentamos en la marquesina de la casa mía y a las tres y media más o menos el señor Nelson Pabón se sentó frente a mi casa y en eso el señor lo empujó. Se le preguntó a quien empujó y contestó a Nelson Pabón, que estaba estacionado al frente de mi casa hablando con otro y le empujó como para el frente de la marquesina y yo me levanté y cuando yo sentí el revolú de gente me levanté y se levantó el señor Guillermo Acosta y el señor Carlos Zapata le dijo: Cuando repitió el señor Carlos Zapata, el Honorable Fiscal hizo objeción y alegó que era prueba de referencia. La defensa le preguntó si oyó lo que le dijo el Teniente Zapata y contestó que sí. Dijo que se levantaron y fueron al portón y el Teniente Carlos Zapata, dirigiéndose al señor Guillermo Acosta, le dijo: 'abre el portón de la marquesina', o sea, él abrió el portón de la marquesina, entonces le metió la mano al bolsillo. El Teniente Zapata le dijo al acusado: 'Usted está arrestado'. El acusado le pre-

guntó '¿Por qué?' y Zapata le contestó: 'El Juez le dirá por-
qué'. Testificó que cuando el Teniente Zapata le metió la mano
al bolsillo al acusado, le cogió $298.00 [del Seguro Social de la
esposa]. La defensa le pregunta si eso es lo que motiva que la
testigo recuerde y contesta, 'exactamente, ese día no lo olvido'.
A preguntas del Honorable Juez contestó que lo del Teniente
Zapata fue como a las tres de la tarde."

El fiscal presentó entonces al Teniente Zapata y éste de-
claró que el 9 de marzo de 1976 en horas de la tarde fueron
a la residencia del acusado y allí lo arrestó junto a otras per-
sonas porque estaban bregando frente a la casa del acusado
con bolita, o sea, con dinero y una lista frente a la entrada
de la marquesina de la casa y que estos casos fueron archi-
vados a petición de los fiscales.

Como no se requiere que el fiscal controvierta la prueba
de coartada, el Estado sometió el caso para que el tribunal
dirimiera el conflicto entre la prueba de una y otra parte.

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Rigau no intervino.