CC-1998-607                               1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico en interés del Menor E.R.C. Peticionario | Certiorari 99 TSPR 181 |

Número del Caso: CC-1998-0607

Fecha: 16/12/1999

Tribunal de Circuito de Apelaciones: Circuito Regional IV

Juez Ponente: Hon. Rodríguez García

De la Oficina del Procurador General: Lcda. Grisel Hernández Esteves

Abogados de la Parte Recurrida:     Lcda. María E. Añeses Bocanegra
                                    Lcdo. Bernardo Muñiz Arocho


Materia: Sustancias Controladas

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico
en interés del Menor E.R.C.

     Peticionario

                 CC-1998-607      Certiorari


Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.

     San Juan, Puerto Rico, a 16 de diciembre de 1999.


     Tenemos la ocasión para aclarar cuál es precisamente el contenido de la notificación que debe recibir un menor respecto a la falta que se le imputa, para que pueda ejercer su derecho a defenderse en la vista en que ha de determinarse si existe causa probable para la presentación de una querella.


                       I

     Según lo relata el propio Procurador General de Puerto Rico en su alegato ante nos en el caso de autos, el 5 de mayo de 1998, en la Escuela Salvador Fuentes de Aguadilla, se relacionó al menor E.R.C. con la posesión de marihuana. Ese mismo día, y coetáneo con la aprehensión de E.R.C.,            se            le            notificó

del asunto a la abuela del menor, residente de las Parcelas Acevedo de Moca, Puerto Rico[1], informándosele mediante una advertencia escrita que se le imputaba al menor la falta de "sustancias controladas #411".

El mismo 5 de mayo, además, el menor E.R.C. fue conducido ante un magistrado del Centro Judicial de Aguadilla, para una vista de aprehensión. Allí, el magistrado que presidía la vista le indicó al menor la falta que se le imputaba y procedió a escuchar la prueba. Dicho magistrado entonces determinó que existía causa para expedir una **citación** al menor para que compareciera a una futura vista de causa probable para la presentación de querella.

Conforme con la determinación del magistrado, un sargento de la Policía de Puerto Rico procedió ese mismo día también a expedir un breve documento de menos de una (1) página que indicaba literalmente lo siguiente:

> El Pueblo de Puerto Rico a: **(Parientes del menor).** Teniendo motivos fundados para creer que el menor **E.R.C.** cometió la falta de: **Sustancias Controladas**, por la presente lo cito para que comparezca al **Tribunal de Menores, Piso #3**, localizado en: **Centro Judicial de Aguadilla**, el **19** de **mayo** de 19**98** a las **8:30 A.M.**/P.M.
>
> En dicha fecha se celebrará una vista judicial de determinación de causa probable donde el menor tiene derecho a comparecer acompañado por un asesor legal y podrá contrainterrogar testigos y ofrecer prueba en su favor.
>
> Se le advierte que de no comparecer en la fecha, hora y sitio arriba indicado, el Tribunal tomará las providencias necesarias para asegurar su comparecencia e incluso podrá determinar causa probable en ausencia del menor.

Así las cosas, el menor acudió a la Corporación de Servicios Legales de Puerto Rico, y trajo consigo sólo la citación referida. El 18 de mayo de 1998, la representación legal del menor presentó ante el foro de instancia una moción mediante la cual solicitó que se le entregara **copia de proyecto de querella a someterse contra el menor**, en la cual se expresaran los hechos que constituían la falta imputada. Señaló que la citación emitida a los parientes del menor no relataba los hechos esenciales constitutivos de la falta, no expresaba los cargos concretos imputados, ni mencionaba los

---

[1] El Procurador General en su escrito ante nos afirma que el asunto se le notificó a la madre del menor, pero de los documentos que constan en autos es claro que dicha notificación fue a la abuela del menor.

nombres de los testigos que constituían la prueba de cargo. Adujo que sin toda esta información esencial, el menor quedaría indefenso debido a que sus abogados no podían prepararse para llevar a cabo una representación adecuada.

El 20 de mayo de 1998, el tribunal de instancia denegó la solicitud referida. El 8 de junio, el menor recurrió por conducto de sus abogados ante el Tribunal de Circuito de Apelaciones. El 6 de julio de 1998, el foro apelativo denegó la expedición del recurso solicitado por el menor. Resolvió, en esencia, que las Reglas de Procedimiento para Asuntos de Menores de Puerto Rico no le otorgan al menor imputado el derecho a obtener copia del proyecto de querella antes de que se celebre la vista para la determinación de causa probable. También resolvió que el debido proceso de ley no requería que se le entregase dicha copia del proyecto de querella al menor. Indicó que el menor y sus parientes estuvieron presentes en la vista de aprehensión y allí escucharon a los testigos de cargo relatar los detalles relacionados con la falta imputada. Añadió el foro apelativo que a base de ello, "el menor le suplirá a la defensa los detalles necesarios para enfrentarse a la imputación en la vista de causa probable para radicar querella".

Inconforme con el dictamen referido, el menor acudió ante nos oportunamente e hizo el siguiente señalamiento de errores:

(1) Erró el Honorable Tribunal de Circuito de Apelaciones al no ordenar que se entregue copia del proyecto de querella lo que viola el debido proceso de ley y no garantiza una adecuada notificación.

(2) Erró el Honorable Tribunal de Circuito de Apelaciones al no determinar que la notificación ofrecida es una inadecuada y no cumple con el debido proceso de ley.

(3) Erró el Honorable Tribunal de Circuito de Apelaciones al no determinar que a los menores le cobija el debido proceso de ley de tener una notificación adecuada menoscabando sus derechos constitucionales.

(4) Erró el Honorable Tribunal al no determinar que el derecho a obtener copia de un proyecto de querella y a obtener una notificación adecuada emanan de la propia Ley de Menores y de la Constitución.

El 22 de julio de 1998 expedimos el Certiorari solicitado por el menor. El 5 de febrero de 1999, acogimos el escrito inicial de E.R.C. como su alegato; y el 20 de abril de 1999, el Procurador General de Puerto Rico presentó el suyo. Con el beneficio de ambas comparecencias, pasamos a resolver.

II

Es menester comenzar la consideración del asunto ante nos examinando las disposiciones de las Reglas de Procedimiento para Asuntos de Menores que son pertinentes. Tal como resolvió el foro apelativo, y como aduce el Procurador General, dicha Reglas **no disponen** para la entrega al menor de copia del proyecto de querella en su contra luego de la vista de aprehensión. La Regla 2.11, 34 L.P.R.A. Ap. I-A R 2.11[2], establece que luego de celebrada la vista correspondiente, si el juez que la presidió determina que existe causa probable para creer que el menor ha cometido una falta, entonces el Procurador de Menores procederá a presentar la querella en la secretaría de la sala del tribunal y **"entregará al menor copia de la misma"**. Esta disposición sólo provee para la entrega de copia de la querella en sí – no de un proyecto de querella– y dicha copia de la querella deberá dársele al menor después de la determinación de causa probable, no antes.

Por otro lado, en lo pertinente, la Regla 2.8, 34 L.P.R.A. Ap. I-A R.2.8, dispone lo siguiente respecto a la citación que debe hacérsele al

---

[2] **Regla 2.11 Determinación sobre la existencia de causa probable o no**

    (a)   Si, a juicio del juez que presida la vista, la prueba demuestra que existe causa probable para creer que se ha cometido una falta y que el menor la cometió, el juez consignará por escrito su determinación y ordenará que se continúen los procedimientos.

    (b)   El Procurador procederá a radicar la querella en la secretaría de la sala correspondiente, entregará al menor copia de la misma y referirá al menor y a sus padres o encargados al Especialista en Relaciones de Familia para la entrevista inicial del informe social.

    (c)   Si el juez determina que no existe causa probable, exonerará al menor y de hallarse éste en detención provisional, ordenará su egreso.

menor luego de la vista de aprehensión, para que comparezca a la vista judicial en la cual habrá de determinarse si existe causa probable para presentar querella:

> La citación se expedirá por escrito y con la firma del funcionario público o del juez, según sea el caso. El menor y sus padres o encargados deberán firmar la citación. La misma requerirá que el menor comparezca ante el tribunal acompañado de sus padres o encargados con expresión del día, hora y sitio, e informará al menor que, de no comparecer, se expedirá una orden de detención provisional y que, de no poder ser localizado, se podrá determinar causa probable en ausencia y que el tribunal en los casos apropiados podrá renunciar en su ausencia a la jurisdicción. Además explicará al menor, sus padres o encargados del deber de mantener al tribunal informado de cualquier cambio en dirección residencial o postal. Los defectos de forma de una orden de aprehensión o citación no afectarán su validez.

Como puede observarse, la Regla 2.8 tampoco dispone para la entrega al menor de una copia del proyecto de querella. Se limita a establecer que debe emitirse una citación que señale el día, la hora y el sitio en que se celebrará la vista judicial para determinar si existe causa probable para la presentación de una querella. Nada dispone sobre el contenido de la citación con respecto a los hechos imputados, a los cargos a dilucidarse, o a los nombres de los testigos de cargo.

De lo anterior es evidente que las Reglas de Procedimiento para Asuntos de Menores no disponen concretamente para la entrega al menor de la copia del proyecto de querella solicitado por E.R.C. en el caso de autos. Sin embargo, este hecho no es de por sí solo determinativo de la cuestión ante nos. En su médula esencial el asunto que tenemos que dilucidar y resolver no es meramente si el menor tiene derecho a que se le entregue una copia del proyecto de querella luego de la vista de aprehensión. Lo que está ante nos más bien es la importante cuestión sobre qué constituye una **<u>notificación adecuada</u>** para que un menor encausado pueda defenderse debidamente en la vista para la determinación de causa probable para presentar querella a la que ha sido citado. Pasemos, pues, a examinar dicha cuestión.

III

Como se sabe, en nuestro ordenamiento jurídico está claramente establecido que en la vista para la determinación de causa probable que nos concierne aquí, el menor imputado tiene derecho a estar representado por abogado, a contrainterrogar testigos y a presentar prueba a su favor. Así lo resolvimos expresamente en Pueblo en interés de los menores A.L.R.G. y F.R.G., 132 D.P.R. 990, 1000 (1993). El menor también tiene derecho a ser debidamente notificado de la queja que pesa en su contra y de la falta que se le imputa. Es decir, tiene derecho a conocer de antemano la naturaleza y extensión de la falta que se le imputa para que pueda preparar su defensa adecuadamente. Así lo reconocimos expresamente en Pueblo en interés del menor F.R.F., 133 D.P.R. 172 (1993).

Los derechos referidos asisten al menor porque, como hemos decidido reiteradamente en casos como el de autos, el menor tiene derecho a aquellas garantías constitucionales que le aseguren un trato justo y un debido procedimiento de ley. Pueblo en interés menor N.O.R., opinión de 12 de septiembre de 1994, 136 D.P.R. ___, 94 JTS 118; Pueblo en interés del menor F.R.F., supra; Pueblo en interés de los menores A.L.R.G. y F.R.G., supra; Pueblo en interés del menor R.G.G., 123 D.P.R. 443 (1989); Pueblo ex rel. J.L.D.R., 114 D.P.R. 497 (1983).

En particular hemos señalado que la vista para determinar si hay causa probable para presentar querella en los casos de menores es equivalente a la vista preliminar para acusar en los casos criminales de adultos, por lo que son aplicables a aquella por analogía las garantías procesales fundamentales que rigen en ésta. Pueblo en interés del menor F.R.F., supra; Pueblo en interés del menor R.G.G., supra. La referida normativa, además, está expresamente reconocida en la propia Ley de Menores de Puerto Rico, en su Artículo 2, 34 L.P.R.A. sec. 2202, donde se señala que uno de los propósitos de dicha legislación es "garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales".

A la luz de lo anterior, no cabe duda alguna de que un menor tiene derecho a que, antes de celebrarse la vista para determinar si hay causa probable para presentar querella, se le dé una notificación adecuada sobre

el particular, que le permita prepararse debidamente para defenderse en dicha vista. En lo que aquí nos concierne, la notificación aludida debe contener una relación de los hechos esenciales constitutivos de la falta que se le imputa al menor; debe citar la disposición legal específica que se alega ha sido infringida; y debe incluir el nombre de la persona que le imputa la falta al menor. En otras palabras, la notificación debe contener la información que se ofrece en la denuncia que se le notifica a un adulto antes de la vista preliminar para acusar. Véase, Pueblo v. González Olivencia, 116 D.P.R. 614 (1985). Veamos si ello aconteció en el caso de autos.

IV

Como se relató antes, tanto el Tribunal de Circuito de Apelaciones como el Procurador General sostienen que el menor en el caso de autos tenía suficiente notificación de todos los extremos pertinentes relativos a la falta imputada porque en la vista de aprehensión el magistrado lo enteró verbalmente de ello a él y a sus familiares; porque, además, el menor y éstos escucharon allí la prueba de cargo.

Esta postura es insólita. Representa una grave desviación de los más elementales principios del debido proceso de ley. Presupone que el menor o sus familiares entendieron cabalmente las cuestiones legales relativas a la falta imputada que fue dilucidada oralmente en la vista de aprehensión. Presupone, además, que el menor o sus familiares pueden recordar fácilmente los detalles de dichas cuestiones legales, aun varios días después de celebrada la vista referida. Presupone, finalmente, que el menor o sus familiares pueden relatar con precisión a sus abogados lo acontecido en la vista referida. Es evidente que el debido proceso de ley no ampara suposiciones como éstas. Por el contrario, las garantías constitucionales sobre notificación adecuada van dirigidas precisamente a evitar la injusta situación de tener que montar una defensa sobre la frágil base de eventos y cuestiones que pueden no conocerse bien, o que pueden no entenderse cabalmente o que pueden no recordarse con precisión. El propósito de la

garantía de notificación adecuada que emana del debido proceso de ley es precisamente que el menor tenga un conocimiento claro y cabal de lo que se le imputa para que pueda defenderse.

En el caso de autos, el menor no tuvo representación legal en la vista de aprehensión. Cuando acudió por sí solo varios días después a la Corporación de Servicios Legales para procurar su defensa en la próxima vista a la que tenía que comparecer, trajo consigo únicamente una citación sobre el lugar, la hora y el sitio de la vista referida. Es inconcebible que sus abogados pudieran prepararse adecuadamente para tal vista sólo a base de dicha citación y del recuerdo que el menor tuviese de lo acontecido en la vista de aprehensión.

Para cumplir con lo que requiere el debido proceso de ley sobre notificación adecuada, lo procedente aquí era que junto con la citación escrita que se le entregó al menor y a sus familiares después de la vista de aprehensión, **se le hubiese entregado también copia de la queja escrita que inicialmente tenía que presentarse al magistrado que presidió dicha vista**. Conforme a lo dispuesto en las Reglas 2.2, 2.8 y 2.9 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A R. 2.2, 2.8 y 2.9, los procedimientos para la aprehensión y determinación de causa probable para presentar querella en casos de menores comienzan con la presentación de una **queja**. En casos como el de autos, en que se ha aprehendido un menor sin mediar orden judicial, éste debe ser llevado ante un juez y de inmediato debe presentarse la queja referida (Regla 2.9(a)). Si luego de celebrada la vista de aprehensión, el juez que la presidió decide que debe celebrarse la segunda vista, la de determinación de causa probable para presentar querella, entonces dicho juez, conforme lo dispuesto en la Regla 2.9(e) "remitirá" la queja, la orden de aprehensión... si éste fuera el caso, o la citación a la secretaria de sala del tribunal correspondiente y a la oficina del Procurador para Asuntos de Menores...".

Las Reglas referidas no disponen que copia de la queja escrita le será **entregada** al menor y sus familiares. Sólo preceptúan que tanto el juez en la vista de aprehensión (Regla 2.9(a)) como el juez en la vista de

determinación de causa probable (Regla 2.10(b)) **informaron** al menor de la queja presentada en su contra. No disponen dichas Reglas para la notificación por escrito al menor o sus familiares del contenido de la queja, ni para que se acompañe la citación escrita al menor con copia de la queja.

Un examen de los autos originales en instancia de este caso revela que existía una queja escrita, que se presentó contra el menor por el agente que investigó el caso. Según el texto de dicha queja, ésta fue jurada ante el Juez Mariano Ramírez Benet a las 5:05 **de la tarde** el 5 de mayo de 1998, el mismo día cuando el menor fue aprehendido y cuando fue llevado ante el juez para la vista de aprehensión. En dicha queja se relatan con suficiente detalle los hechos imputados a E.R.C., se especifican los cargos en su contra, y se le informa el nombre y la dirección de los testigos que supuestamente tenían conocimiento de los hechos.

No cabe duda alguna que el contenido referido de la queja aludida satisface cabalmente los requisitos jurídicos de una notificación adecuada, **de habérsele entregado al menor y a sus familiares copia de dicha queja en algún momento oportuno antes de la celebración de la vista para determinar causa probable**.

Sin embargo, es evidente que ello no sucedió aquí. No hay constancia alguna en los autos del foro de instancia, en los del foro apelativo, o en el expediente del caso ante nos, de que copia de dicha queja escrita haya sido **entregada** al menor o a sus familiares antes de la vista referida. Más aun, ni el Tribunal de Circuito de Apelaciones en su sentencia ni el Procurador General en su alegato ante nos aducen o siquiera mencionan que dicha queja escrita fue notificada al menor o a sus familiares. Y, claro está, el menor no puede haberla recibido porque de otro modo hubiese sido temerario de parte suya y de sus abogados acudir al foro de instancia, al foro apelativo y ante nos a reclamar copia del proyecto de querella contra el menor a dilucidarse en la vista referida. Es evidente que como las Reglas de Procedimiento para Asuntos de Menores no proveen para que se le **entregue**

al menor copia de la queja escrita en su contra, la que existía en el caso de autos no le fue proporcionada a E.R.C. o a sus familiares.

Por todo lo anterior, resolvemos que E.R.C. no recibió una notificación adecuada de la falta que se le imputó, que fuese suficiente en derecho para que este menor pudiese defenderse cabalmente en la vista para determinar causa probable para la presentación de querella. No se cumplió con lo que exige el debido proceso de ley sobre el particular.

Resolvemos, además, que para cumplir con lo que exige el debido proceso de ley, la citación que se emite requiriéndole a un menor que comparezca a la vista referida, debe estar acompañada con copia de la queja correspondiente que obra en los autos de instancia.

Se dictará sentencia para dejar sin efecto la resolución del foro apelativo notificada el 6 de julio de 1998 en el caso de autos; y se devolverá éste al foro de instancia para que continúen los procedimientos conforme a lo aquí resuelto.


                                        JAIME B. FUSTER BERLINGERI
                                             JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico
en interés del Menor E.R.C.


      Peticionario

                     CC-1998-607     Certiorari


SENTENCIA


San Juan, Puerto Rico, a 16 de diciembre de 1999.


      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se dicta sentencia para dejar sin efecto la resolución del foro apelativo notificada el 6 de julio de 1998 en el caso de autos; y se devuelve éste al foro de instancia para que continúen los procedimientos conforme a lo aquí resuelto.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.


                  Isabel Llompart Zeno
             Secretaria del Tribunal Supremo