EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| EL Pueblo de Puerto Rico en Interés del menor: K.J.S.R.<br><br>Peticionario | Certiorari<br><br>2007 TSPR 194<br><br>172 DPR _____ |
| --- | --- |

Número del Caso: CC-2006-662

Fecha: 6 de noviembre de 2007

Tribunal de Apelaciones:

      Región Judicial de Caguas-Panel XI

Juez Ponente:

      Hon. Yvonne Feliciano Acevedo

Oficina del Procurador General:

      Lcda. Zaira Z. Girón Anadón
      Procuradora General Auxiliar

Abogada de la Parte Recurrida:

      Lcda. Emma Cristina Torres Martínez

Materia: Art. 27, Ley Núm. 134

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico en
interés del menor: K.J.S.R.

    Peticionario             CC-2006-662      *CERTIORARI*

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 6 de noviembre de 2007

Al menor K.J.S.R. se le imputó una infracción al Artículo 27 de la Ley de Explosivos, Ley Núm. 134 de 28 de junio de 1969, 25 L.P.R.A. § 587, delito grave que proscribe la posesión de explosivos con propósitos ilegales. En la querella, se expuso que el día 17 de noviembre de 2005, en Caguas, Puerto Rico, el referido menor "ilegal, voluntaria, maliciosa y a sabiendas, tenía en su posesión una mochila color negra con 19 artificios explosivos de color rojo y verde con mecha conocidos como Cherry Bombs, los cuales se utilizan para estallar, con el propósito ilegal de usarlo para hacer daño corporal o aterrorizar a cualquier persona." En tal fecha también se le ocuparon $67 que

fueron hallados dentro de la citada mochila negra y, alegadamente, eran producto de la venta de los Cherry Bombs.

La vista de determinación de causa probable para presentar la querella fue celebrada el 28 de diciembre de 2005. Allí se presentó el testimonio de la Sra. Zayra Claudio Fernández, guardia de seguridad de la escuela. El 10 de enero de 2006, el Tribunal de Primera Instancia, Sala de Asuntos de Menores de Caguas, determinó que no había causa probable para presentar la querella contra el menor.

Inconforme con lo resuelto, el ministerio público solicitó la celebración de una vista de causa en alzada. Ésta se llevó a cabo el 10 de enero de 2006, y en la misma declararon Claudio Fernández, Feliciano Coss Flores, agente del orden público, y Víctor Vargas González, agente de la División de Explosivos. En dicha ocasión, la defensa del menor alegó que la prueba fue ocupada ilegalmente y, por tanto, era inadmisible. Nuevamente, el Tribunal de Primera Instancia determinó que no existía causa para presentar la querella.

De tal determinación, el Procurador General, en representación del Pueblo de Puerto Rico, recurrió ante el Tribunal de Apelaciones mediante solicitud de *certiorari*. Planteó que el tribunal de instancia incidió al excluir la evidencia de cargo sin tomar en consideración las limitaciones al derecho de intimidad del menor en el

contexto escolar y al basar su determinación en la exclusión errónea de la prueba de cargo.

Luego de varios trámites procesales, las partes sometieron la Exposición Narrativa de la Prueba Estipulada. El menor le solicitó al tribunal apelativo una orden para que el tribunal de instancia emitiera una resolución exponiendo los fundamentos para su determinación de no causa. Sin embargo, el foro apelativo denegó dicho pedido.

En su oposición a la petición de *certiorari*, el menor adujo que el registro al que fue sometido se llevó a cabo sin orden judicial y no existiendo motivos fundados para la intervención realizada. Arguyó que, a raíz de la ilegalidad del registro, la evidencia derivada del mismo era inadmisible. Alegó, además, que el ministerio público <u>no</u> podía recurrir mediante *certiorari* al Tribunal de Apelaciones ya que la determinación de no causa en la vista inicial y la vista en alzada se basó en consideraciones de la insuficiencia de la prueba de cargo, y no en una cuestión de derecho.

El 16 de mayo de 2006, el Tribunal de Apelaciones emitió la resolución que motiva el recurso de epígrafe. Dicho foro <u>denegó</u> la expedición del recurso de *certiorari*, aludiendo a la normativa expuesta en <u>Pueblo v. Aponte Nolasco</u>, res. 19 de abril de 2006, 2006 T.S.P.R. 62. Sobre el particular, expuso que la determinación de inexistencia de causa, tanto en la vista inicial como en la vista en alzada, <u>no</u> era revisable mediante *certiorari*; ello tomando

en cuenta que las "determinaciones, aunque están fundadas en cuestiones de derecho, [sic] se encuentran íntimamente vinculadas a la prueba que se desfiló con la intención de demostrar la comisión de la falta imputada al menor."

El Procurador General solicitó reconsideración, reiterando que su solicitud no versaba sobre la apreciación de la prueba sino en torno a una cuestión de derecho revisable mediante *certiorari*, a saber, la supresión de la evidencia bajo el fundamento de que fue obtenida de forma ilegal. El Tribunal de Apelaciones denegó la reconsideración.

Inconforme, el Procurador General acudió ante este Tribunal --vía certiorari-- planteando que erró el foro apelativo:

> … al interpretar la normativa esbozada en <u>Aponte Nolasco</u> a los efectos que sólo son revisables, mediante *certiorari,* aquellas cuestiones de derecho que son ajenas al proceso mismo de la vista preliminar;
> … al determinar que la evidencia presentada era resultado de un registro y allanamiento ilegal, e inadmisible como prueba de cargo, en contravención a las limitaciones reconocidas al derecho de intimidad en un ambiente escolar, en el cual los intereses colectivos de seguridad y estabilidad del estudiantado en general prevalecen sobre los derechos individuales de los estudiantes;
> … al determinar que no existía causa suficiente para la presentación de la querella, decisión que se fundó exclusivamente en la supuesta ilegalidad del registro y allanamiento.

<u>Expedimos</u> el recurso. Estando en condiciones de resolver el recurso radicado, procedemos a así hacerlo.

II

Los procedimientos judiciales sobre menores se rigen tanto por la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, 34 L.P.R.A. § 2201 *et seq*. (Ley de Menores), como por las Reglas de Procedimiento sobre Asuntos de Menores, 34 L.P.R.A. Ap. I-A. Hemos destacado que dichas Reglas recogen lo que en esencia disponen las Reglas de Procedimiento Criminal, de aplicación en los procedimientos de adultos. Pueblo en interés del menor G.R.S., 149 D.P.R. 1 (1999).

Aun cuando los procedimientos de menores se consideran procesos de carácter civil *sui generis*, y no de naturaleza criminal, éstos conllevan la imposición necesaria de remedios de naturaleza punitiva, incluyendo la restricción de la libertad de un menor. Como consecuencia, deben salvaguardarse las mismas garantías del debido proceso de ley que cobijan a los procedimientos de adultos. Pueblo en interés del menor A.L.G.V., res. 8 de mayo de 2007, 2007 T.S.P.R. 85; Pueblo en interés menores A.L.R.G. y F.R.G., 132 D.P.R. 990 (1992); Pueblo en interés del menor G.R.S., ante; Pueblo en interés del menor N.O.R., 136 D.P.R. 949 (1994).[1]

---

[1] En particular, le asiste el derecho a presentar prueba a su favor, a confrontarse con la prueba de cargo, el derecho a una adecuada representación legal[1], la garantía constitucional contra la auto incriminación, el derecho a un juicio rápido y la regla de exclusión de evidencia obtenida mediante un registro o allanamiento ilegal. Pueblo en interés del menor A.L.G.V., ante; Pueblo de Puerto Rico en interés del Menor E.R.C., 149 D.P.R. 804 (1999); Pueblo

(Continúa . . .)

La Regla 2.10 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A R. 2.10, regula la vista de determinación de causa probable para presentar una querella contra un menor. Su propósito es determinar si existe la prueba necesaria en torno a los elementos esenciales de la falta en cuestión y su conexión al menor imputado, en aras de evitar someter a un menor a los rigores de un proceso judicial innecesariamente. Pueblo en interés menores A.L.R.G. y F.R.G., ante. Hemos resuelto que dicha Regla es equivalente a la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 23, relativa a la vista preliminar para determinación de causa probable para presentar una acusación en casos de adultos. Por lo cual, toda norma jurisprudencial sobre ésta última es de aplicación al interpretar la Regla 2.10. Pueblo en interés del menor G.R.S., ante; Pueblo de Puerto Rico en interés del menor E.R.C., ante; Pueblo en interés menores A.L.R.G. y F.R.G., ante.

La vista preliminar, codificada en la antes citada Regla 23, se rige por un modelo procesal ecléctico que persigue evaluar tanto la validez del arresto como las probabilidades de que el acusado sea culpable o inocente, así evitando que "se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso

---

en interés del menor G.R.S, ante; Pueblo en interés menores A.L.R.G. y F.R.G., ante; Pueblo en interés del menor N.O.R., ante.

criminal". Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 663 (1985); Pueblo en interés del menor G.R.S., ante.

A esos efectos, hemos establecido que: "(1) el objeto central de la vista preliminar no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del acusado; (2) aunque se trata de una función propiamente judicial, no es 'un mini juicio'; (3) el fiscal no tiene que presentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario, y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley." Distinto a lo que ocurre en el juicio plenario, en la vista preliminar no es necesario probar la culpabilidad del acusado más allá de toda duda razonable. Pueblo v. Rodríguez Aponte, ante, pág. 665; Pueblo en interés del menor G.R.S., ante; Pueblo v. Rivera Alicea, 150 D.P.R. 495 (2000).

En la etapa de la vista preliminar, el peso de la prueba recae sobre el ministerio público. Según mencionamos anteriormente, éste no tendrá que presentar toda la evidencia que ostenta en contra del acusado. Sin embargo, debe demostrar que existe evidencia sobre todos los elementos del delito y su conexión con el acusado. Además, la prueba presentada por éste debe ser admisible en el

juicio plenario. Véase: Pueblo v. Andaluz Méndez, 143 D.P.R. 656 (1997); Pueblo v. Rodríguez Aponte, ante.

Una determinación de causa apoyada en prueba inadmisible sería contradictoria con los propósitos de la vista preliminar para acusar ya que, al llegar el día del juicio, tal evidencia no podría ser utilizada para demostrar la culpabilidad del acusado más allá de toda duda razonable. Claramente, ello sería contrario a las normas que rigen nuestro ordenamiento jurídico en tanto constituiría un mal uso de los recursos judiciales y tendría el efecto de someter al acusado a un juicio de forma innecesaria.

En Pueblo v. Aponte Nolasco, citando a Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999), indicamos que existen tres instancias por las cuales un magistrado puede concluir que no existe causa probable para acusar: "(1) cuando la prueba desfilada durante la vista no estableció a satisfacción del juzgador la probabilidad de que el delito se haya cometido o la conexión del imputado con el delito, (2) cuando la prueba desfilada durante la vista estableció la probable comisión de un delito inferior o distinto al imputado, y (3) [sic] por razones estrictamente de derecho desvinculadas a la prueba presentada sobre la comisión del delito."

Cuando un magistrado determina que no existe causa probable para acusar debido a la insuficiencia de la prueba para demostrar que el delito fue cometido o su conexión con

el imputado, el ministerio público no podrá presentar acusación alguna, y el acusado queda exonerado y en libertad. Pueblo en interés del menor G.R.S., ante; Regla 24 de Procedimiento Civil, 34 L.P.R.A. Ap.II R. 24. Por otro lado, cuando el magistrado determina causa probable por un delito inferior o distinto al imputado, el ministerio público puede proseguir contra el acusado por tal delito inferior o distinto, desistir de la acción penal en su contra o recurrir en alzada.

Al recurrir mediante una vista preliminar en alzada, el ministerio público puede impugnar tanto una determinación de no causa por insuficiencia de la prueba como una determinación de causa por un delito inferior o distinto al imputado. No se trata de una apelación de la vista inicial, sino de una vista *de novo*, totalmente independiente a la primera. Así, el ministerio público tiene una segunda oportunidad para presentar la misma prueba, o prueba distinta, ante otro magistrado de categoría superior. E.L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993, Vol. III, pág. 101. Ahora bien, la determinación emitida tras la vista en alzada, ya sea la inexistencia de causa por insuficiencia de la prueba o causa probable por un delito distinto o inferior, es final y no es revisable ante un foro de mayor jerarquía. Pueblo v. Ríos Alonso, 149 D.P.R. 761 (1999); Pueblo v. Rodríguez Ríos, 136 D.P.R. 685 Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984).

Sin embargo, cuando la determinación de no causa probable para acusar se funda en cuestiones estrictamente de derecho, desvinculadas de la apreciación de la prueba que fue presentada para demostrar la comisión del delito, ésta es revisable mediante *certiorari*. Pueblo v. Aponte Nolasco, ante; Pueblo v. Rivera Alicea, ante; Pueblo v. Cruz Justiniano, ante.

Sobre el particular, hemos señalado que a través de dicho mecanismo se puede solicitar la revisión de errores de derecho, tanto procesales como sustantivos, que alegadamente hayan sido cometidos en la vista de causa probable para arresto, en la vista preliminar inicial y en la vista preliminar en alzada. Pueblo v. Aponte Nolasco, ante; Pueblo v. Colón Mendoza, ante.

Toda la normativa antes expuesta se extiende a los casos de menores, ya que según expresamos anteriormente, la vista de determinación de causa probable para radicar querella contra un menor es la contraparte de la vista preliminar para determinar causa probable para acusar en casos de adultos. Pueblo en interés del menor G.R.S., ante; Pueblo en interés del menor E.R.C., ante; Pueblo en interés menores A.L.R.G. y F.R.G., ante.

III

En primer término, nos corresponde determinar si procede la revisión de la determinación de no causa probable mediante *certiorari*, cuando tal determinación se

basó en la ilegalidad del registro efectuado al menor recurrido.

El Procurador General argumenta que la determinación de no causa, ligada a la supresión de la evidencia como resultado del registro ilegal, plantea una cuestión de derecho revisable mediante *certiorari*. Razona que tal determinación "no constituye una decisión en los méritos sobre la existencia o no de causa probable para presentar querella en contra del menor imputado, como cuestión de hecho." Asimismo, sostiene que solicitó la exposición narrativa de la prueba sólo para que constara el motivo por el cual el tribunal de instancia determinó no causa para radicar la querella, y no porque cuestiona la apreciación de la prueba efectuada por el tribunal de instancia.

Recientemente, en Pueblo v. Aponte Nolasco, ante, concluimos que la determinación de no causa para acusar en dicho caso se basó en una cuestión estrictamente de derecho, esto es, cuándo una demora en llevar a los arrestados ante un magistrado resultaba, o no, irrazonable; determinación que era revisable mediante *certiorari*. Reiteramos que, por el contrario, cuando la determinación de no causa se funda en la insuficiencia de la prueba para establecer que se ha cometido el delito o la conexión del imputado con el delito, el único remedio que tenía a su disposición el ministerio público era la vista preliminar en alzada.

De otra parte, en <u>Pueblo v. Martínez Torres</u>, 126 D.P.R. 561 (1990)[2], indicamos que la determinación sobre la admisibilidad de cualquier evidencia le corresponde exclusivamente al juez y, por tal motivo, es una determinación de derecho. Ello, no obstante, enfatizamos en esa ocasión que "dicha determinación puede conllevar el aquilatamiento de algunas cuestiones de hechos." En <u>Pueblo v. Blase Vázquez</u>, 148 D.P.R. 618 (1999), reiteramos lo anterior al exponer que "en función de establecer si hay fundamento en derecho que ordene la exclusión de la evidencia objetada, el tribunal deberá aquilatar cuestiones de hecho."

De modo que la determinación de si un registro es irrazonable o no, si bien es una cuestión de derecho, <u>ciertamente depende de la apreciación que de la prueba presentada haga el magistrado que presida la vista</u>.

Aquí, el ministerio público pretende que evaluemos si, a la luz de la prueba desfilada en la vista preliminar y en la vista en alzada, en efecto el registro fue ilegal e irrazonable. En otras palabras, el Estado persigue que dejemos sin efecto las determinaciones de dos magistrados a nivel de instancia que luego de escuchar, evaluar y adjudicar la credibilidad que le merecieron los testigos

---

[2] El caso es una secuela de <u>Pueblo v. Martínez Torres</u>, 120 D.P.R. 496 (1988), en donde revocamos una sentencia contra el acusado por haberse admitido erróneamente prueba obtenida como producto de un registro ilegal, aun cuando el acusado solicitó su exclusión en varias ocasiones.

que presentó el Estado, llegaron a la determinación de que no existía causa probable para radicar querella contra el menor en controversia por razón de que la única evidencia delictiva con que contaba el Estado había sido obtenida ilegalmente. No le asiste la razón al Estado.

Como podemos notar, no estamos ante una determinación de no causa "por razones estrictamente de derecho desvinculados a la prueba presentada sobre la comisión del delito". Pueblo v. Aponte Nolasco, ante.

De conformidad con la normativa antes expuesta, y tomando en cuenta los hechos particulares del caso de autos, es forzoso concluir que el recurso de *certiorari* no es un mecanismo adecuado para solicitar la revisión de la determinación de no causa emitida en la vista en alzada. En el presente caso se trata de una determinación mixta de hecho y de derecho. El ministerio público ya agotó todos los remedios que tenía disponibles en cuanto a ello.

Actuó correctamente el Tribunal de Apelaciones al denegar la expedición del recurso de *certiorari* bajo el fundamento que, aun cuando se trataba de una cuestión de Derecho, la determinación que se pretendía revisar estaba estrictamente vinculada a la prueba desfilada durante la vista preliminar y a la aquilatación que el tribunal de instancia hizo de la misma, incluyendo la credibilidad que le merecieron, o no, los testigos que declararon en dichas vistas.

IV

En mérito de lo antes expuesto, procede dictar Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones y devolver el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico en
interés del menor: K.J.S.R.

    Peticionario                  CC-2006-662       *CERTIORARI*

SENTENCIA

San Juan, Puerto Rico, a 6 de noviembre de 2007

Por los fundamentos expuestos en la Opinión que antecede, se dicta Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones; devolviéndose el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo