El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Al menor K.J.S.R. se le imputó una infracción al Art. 27 de la Ley de Explosivos de Puerto Rico, Ley Núm. 134 de 28 de junio de 1969 (25 L.P.R.A. see. 587 et seq.), delito grave que consiste en la posesión de explosivos con propó-sitos ilegales. En la querella se expuso que el 17 de no-viembre de 2005, en Caguas, Puerto Rico, el referido me-nor, “ilegal, voluntaria, maliciosa y a sabiendas, tenía en su posesión una mochila color negra con 19 artificios expío- *494 sivos de color rojo y verde con mecha conocidos como Cherry Bombs, los cuales se utilizan para estallar, con el propósito ilegal de usarlo para hacer daño corporal o ate-rrorizar a cualquier persona”. En tal fecha también se le ocuparon $67 que fueron hallados dentro de la referida mo-chila negra y que, alegadamente, eran producto de la venta de los Cherry Bombs.
La vista de determinación de causa probable para pre-sentar la querella se celebró el 28 de diciembre de 2005. Allí se presentó el testimonio de la Sra. Zayra Claudio Fer-nández, guardia de seguridad de la escuela. El 10 de enero de 2006 el Tribunal de Primera Instancia, Sala de Asuntos de Menores de Caguas, determinó que no había causa probable para presentar la querella contra el menor.
Inconforme con lo resuelto, el Ministerio Público solicitó la celebración de una vista de causa en alzada. Esta se llevó a cabo el 10 de enero de 2006 y en ésta declararon Claudio Fernández, Feliciano Coss Flores, agente del or-den público, y Víctor Vargas González, agente de la Divi-sión de Explosivos. En dicha ocasión, la defensa del menor alegó que la prueba fue ocupada ilegalmente y que, por lo tanto, era inadmisible. Nuevamente, el Tribunal de Pri-mera Instancia determinó que no existía causa para pre-sentar la querella.
De tal determinación, el Procurador General, en repre-sentación de El Pueblo de Puerto Rico, recurrió ante el Tribunal de Apelaciones mediante una solicitud de certiorari. Planteó que el tribunal de instancia incidió al excluir la evidencia de cargo sin tomar en consideración las limitaciones al derecho de intimidad del menor en el con-texto escolar y al basar su determinación en la exclusión errónea de la prueba de cargo.
Luego de varios trámites procesales, las partes sometie-ron la Exposición Narrativa de la Prueba Estipulada. El menor le solicitó al tribunal apelativo una orden para que el tribunal de instancia emitiera una resolución que expu- *495 siera los fundamentos para su determinación de “no causa”. Sin embargo, el foro apelativo denegó dicho pedido.
En su oposición a la petición de certiorari, el menor adujo que el registro al que fue sometido se llevó a cabo sin una orden judicial y sin que existieran motivos fundados para la intervención realizada. Argüyó que, a raíz de la ilegalidad del registro, la evidencia derivada del registro era inadmisible. Alegó, además, que el Ministerio Público no podía recurrir mediante un certiorari al Tribunal de Apelaciones, ya que la determinación de no causa en la vista inicial y en la vista en alzada se basó en considera-ciones de la insuficiencia de la prueba de cargo, y no en una cuestión de derecho.
El 16 de mayo de 2006 el Tribunal de Apelaciones emitió la resolución que motiva el recurso de epígrafe. Dicho foro denegó la expedición del recurso de certiorari, aludiendo a la normativa expuesta en Pueblo v. Aponte Nolasco, 167 D.P.R. 578 (2006). Sobre el particular, expuso que la deter-minación de inexistencia de causa, tanto en la vista inicial como en la vista en alzada, no era revisable mediante cer-tiorari; ello tomando en cuenta que las “determinaciones, aunque están fundadas en cuestiones de derecho, éstas se encuentran íntimamente vinculadas a la prueba que se desfiló con la intención de demostrar la comisión de la falta imputada al menor”. Apéndice, pág. 95.
El Procurador General solicitó una reconsideración, rei-terando que su solicitud no versaba sobre la apreciación de la prueba, sino en torno a una cuestión de derecho revisable mediante el recurso de certiorari, a saber, la supresión de la evidencia bajo el fundamento de que fue obtenida de forma ilegal. El Tribunal de Apelaciones denegó la reconsideración.
Inconforme, el Procurador General acudió ante este Tribunal —vía certiorari— planteando que erró el foro apela-tivo
... al interpretar la normativa esbozada en Aponte Nolasco a *496 los efectos que únicamente es revisable [mediante certiorari] aquellas cuestiones de derecho que son ajenas al proceso mismo de la vista preliminar ....
... al determinar que la evidencia [presentada] era resultado de un registro y allanamiento ilegal ... [e] inadmisible como prueba de cargo, en CONTRAVENCIÓN a las limitaciones re-conocidas al derecho de intimidad en un ambiente escolar en el que los intereses colectivos de seguridad y estabilidad del estudiantado en general prevalecen sobre los derechos indivi-duales de los estudiantes.
... al determinar que no existía causa suficiente para ... la presentación de la querella, ... decisión que se fundó EXCLU-SIVAMENTE en la alegada ilegalidad del registro y allana-miento realizado [s]. Petición de certiorari, págs. 8 y 9.
Expedimos el recurso. Estando en condiciones de resolver el recurso presentado, procedemos a así hacerlo.
I
Los procedimientos judiciales sobre menores se rigen tanto por la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986 (Ley de Menores), 34 L.P.R.A. see. 2201 et seq., como por las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A. Hemos destacado que dichas reglas recogen lo que en esencia disponen las Reglas de Procedimiento Criminal, que aplican en los procedimientos de adultos. Pueblo en interés menor G.R.S., 149 D.P.R. 1 (1999).
Aun cuando los procedimientos de menores se consideran procesos de carácter civil sui generis, y no de naturaleza criminal, conllevan la imposición necesaria de remedios de naturaleza punitiva, incluyendo la restricción de la libertad de un menor. Como consecuencia, deben salvaguardarse las mismas garantías del debido proceso de ley que cobijan a los procedimientos de adultos. Pueblo en interés menor A.L.G.V., 170 D.P.R. 987 (2007); Pueblo en interés menores A.L.R.G. y F.R.G., 132 D.P.R. 990 (1992); *497 Pueblo en interés menor G.R.S., ante; Pueblo en interés me-nor N.O.R., 136 D.P.R. 949 (1994).(1)
La Regla 2.10 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, regula la vista de determinación de causa probable para presentar una querella contra un menor. Su propósito es determinar si existe la prueba necesaria en torno a los elementos esenciales de la falta en cuestión y su conexión al menor imputado, en aras de evitar someter a un menor a los rigores de un proceso judicial innecesariamente. Pueblo en interés menores A.L.R.G. y F.R.G., ante. Hemos resuelto que dicha regla es equivalente a la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, relativa a la vista preliminar para la determinación de causa probable para presentar una acusación en casos de adultos. Por esto, toda norma jurisprudencial sobre esta última aplica al interpretar la Regla 2.10, ante. Pueblo en interés menor G.R.S., ante; Pueblo en interés menor E.R.C., ante; Pueblo en interés menores A.L.R.G. y F.R.G., ante.
La vista preliminar, codificada en la antes citada Regla 23 de Procedimiento Criminal, se rige por un modelo procesal ecléctico que persigue evaluar tanto la validez del arresto como las probabilidades de que el acusado sea culpable o inocente, evitando así que “se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal”. Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 663 (1985). Véase Pueblo en interés menor G.R.S., ante.
A esos efectos, hemos establecido que: “(1) el objeto central de la vista preliminar no es hacer una adjudicación en *498 los méritos en cuanto a la culpabilidad o inocencia del acu-sado; (2) aunque se trata de una función propiamente judicial, no es ‘un mini juicio’; (3) el fiscal no tiene que pre-sentar toda la prueba que posea; (4) la vista está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a inter-venir con la libertad de un ciudadano y someterlo a los rigores y contingencias de un juicio plenario, y (5) una vez se demuestra y se justifica esta intervención, la vista ha cumplido su propósito de ley.” Pueblo v. Rodríguez Aponte, ante, pág. 665. Distinto a lo que ocurre en el juicio plena-rio, en la vista preliminar no es necesario probar la culpa-bilidad del acusado más allá de toda duda razonable. Pueblo en interés menor G.R.S., ante; Pueblo v. Rivera Alicea, 150 D.P.R. 495 (2000).
En la etapa de la vista preliminar, el peso de la prueba recae sobre el Ministerio Público. Según mencionamos, éste no tendrá que presentar toda la evidencia que ostenta contra el acusado. Sin embargo, debe demostrar que existe evidencia sobre todos los elementos del delito y su conexión con el acusado. Además, la prueba presentada por el Ministerio Público debe ser admisible en el juicio plenario. Véanse: Pueblo v. Andaluz Méndez, 143 D.P.R. 656 (1997); Pueblo v. Rodríguez Aponte, ante.
Una determinación de causa apoyada en prueba inadmisible sería contradictoria con los propósitos de la vista preliminar para acusar ya que, al llegar el día del juicio, tal evidencia no podría ser utilizada para demostrar la culpabilidad del acusado más allá de toda duda razonable. Claramente, ello sería contrario a las normas que rigen nuestro ordenamiento jurídico en tanto constituiría un mal uso de los recursos judiciales y tendría el efecto de someter al acusado a un juicio de forma innecesaria.
*499 En Pueblo v. Aponte Nolasco, ante, págs. 582-583, citando a Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999), indicamos que existen tres instancias por las cuales un magistrado puede concluir que no existe causa probable para acusar: “(1) cuando la prueba desfilada durante la vista no estableció a satisfacción del juzgador la probabilidad de que el delito se haya cometido o la conexión del imputado con el delito, (2) cuando la prueba desfilada durante la vista estableció la probable comisión de un delito inferior o distinto al imputado, y (3) cuando [sic] por razones estrictamente de derecho desvinculadas a la prueba presentada sobre la comisión del delito ....”
Cuando un magistrado determina que no existe causa probable para acusar debido a la insuficiencia de la prueba para demostrar que el delito fue cometido o su conexión con el imputado, el Ministerio Público no podrá presentar acusación alguna, y el acusado queda exonerado y en libertad. Pueblo en interés menor G.R.S., ante; Regla 24 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Por otro lado, cuando el magistrado determina causa probable por un delito inferior o distinto al imputado, el Ministerio Público puede proseguir contra el acusado por tal delito inferior o distinto, desistir de la acción penal en su contra o recurrir en alzada.
Al recurrir mediante una vista preliminar en alzada, el Ministerio Público puede impugnar tanto una determinación de no causa por insuficiencia de la prueba como una determinación de causa por un delito inferior o distinto al imputado. No se trata de una apelación de la vista inicial, sino de una vista de novo, totalmente independiente de la primera. Así, el Ministerio Público tiene una segunda oportunidad para presentar la misma prueba —o prueba distinta— ante otro magistrado de categoría superior. E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993, Vol. III, pág. 101. Ahora bien, la determinación emitida *500 tras la vista en alzada, ya sea la inexistencia de causa por insuficiencia de la prueba o causa probable por un delito distinto o inferior, es final y no es revisable ante un foro de mayor jerarquía. Pueblo v. Ríos Alonso, 149 D.P.R. 761 (1999); Pueblo v. Rodríguez Ríos, 136 D.P.R. 685 (1994); Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984).
Sin embargo, cuando la determinación de no causa probable para acusar se funda en cuestiones estrictamente de derecho, desvinculadas de la apreciación de la prueba que fue presentada para demostrar la comisión del delito, ésta es revisable mediante un certiorari. Pueblo v. Aponte Nolasco, ante; Pueblo v. Rivera Alicea, ante; Pueblo v. Cruz Justiniano, ante.
Sobre el particular, hemos señalado que a través de dicho mecanismo se puede solicitar la revisión de errores de derecho, tanto procesales como sustantivos, que se aleguen que hayan sido cometidos en la vista de causa probable para arresto, en la vista preliminar inicial y en la vista preliminar en alzada. Pueblo v. Aponte Nolasco, ante; Pueblo v. Colón Mendoza, ante.
Toda la normativa antes expuesta se extiende a los ca-sos de menores ya que, según expresamos anteriormente, la vista de determinación de causa probable para presen-tar la querella contra un menor es la contraparte de la vista preliminar para determinar causa probable para acu-sar en casos de adultos. Pueblo en interés menor G.R.S., ante; Pueblo en interés menor E.R.C., ante; Pueblo en inte-rés menores A.L.R.G. y F.R.G., ante.
II
En primer término, nos corresponde determinar si pro-cede la revisión de la determinación de no causa probable mediante el recurso de certiorari, cuando tal determina-ción se basó en la ilegalidad del registro efectuado al me-nor recurrido.
*501 El Procurador General argumenta que la determinación de “no causa”, ligada a la supresión de la evidencia como resultado del registro ilegal, plantea una cuestión de dere-cho revisable mediante un certiorari. Razona que tal deter-minación “no constituye una decisión en los méritos sobre la existencia o no de causa probable para presentar quere-lla en contra del menor imputado, como cuestión de hecho”. (Enfasis suprimido.) Petición de certiorari, pág. 12. Asi-mismo, sostiene que solicitó la exposición narrativa de la prueba sólo para que constara el motivo por el cual el tribunal de instancia determinó no causa para presentar la querella, y no porque cuestiona la apreciación de la prueba efectuada por el tribunal de instancia.
Recientemente, en Pueblo v. Aponte Nolasco, ante, concluimos que la determinación de no causa para acusar en dicho caso se basó en una cuestión estrictamente de derecho, esto es, cuándo una demora en llevar a los arrestados ante un magistrado resultaba o no resultaba irrazonable, determinación que era revisable mediante un certiorari. Reiteramos que, por el contrario, cuando la determinación de “no causa” se funda en la insuficiencia de la prueba para establecer que se ha cometido el delito o la conexión del imputado con el delito, el único remedio que tenía a su disposición el Ministerio Público era la vista preliminar en alzada.
De otra parte, en Pueblo v. Martínez Torres, 126 D.P.R. 561 (1990),(2) indicamos que la determinación sobre la admisibilidad de cualquier evidencia le corresponde ex-clusivamente al juez y que, por tal motivo, es una determinación de derecho. Ello no obstante, enfatizamos en esa ocasión que “dicha determinación puede conllevar el aquilatamiento de algunas cuestiones de hechos ...”. íd., pág. *502 575. En Pueblo v. Blase Vázquez, 148 D.P.R. 618, 633 (1999), reiteramos lo anterior al exponer que, “en función de establecer si hay fundamento en derecho que ordene la exclusión de la evidencia objetada, el tribunal deberá aqui-latar cuestiones de hecho”.
De modo que la determinación de si un registro es irrazonable o no, si bien es una cuestión de derecho, ciertamente depende de la apreciación que de la prueba presentada haga el magistrado que presida la vista.
Aquí, el Ministerio Público pretende que evaluemos si, a la luz de la prueba desfilada en la vista preliminar y en la vista en alzada, en efecto el registro fue ilegal e irrazonable. En otras palabras, el Estado persigue que de-jemos sin efecto las determinaciones de dos magistrados a nivel de instancia quienes, luego de escuchar, evaluar y adjudicar la credibilidad que le merecieron los testigos que presentó el Estado, llegaron a la determinación de que no existía causa probable para presentar la querella contra el menor en controversia por razón de que la única evidencia delictiva con que contaba el Estado había sido obtenida ilegalmente. No le asiste la razón al Estado.
Como podemos notar, no estamos ante una determina-ción de “no causa” por “razones estrictamente de derecho desvinculadas a la prueba presentada sobre la comisión del delito”. Pueblo v. Aponte Nolasco, ante, págs. 582-583.
En conformidad con la normativa antes expuesta, y to-mando en cuenta los hechos particulares del caso de autos, es forzoso concluir que el recurso de certiorari no es un mecanismo adecuado para solicitar la revisión de la deter-minación de “no causa” emitida en la vista en alzada. En este caso se trata de una determinación mixta de hecho y de derecho. El Ministerio Público ya agotó todos los remedios que tenía disponibles en cuanto a ello.
Actuó correctamente el Tribunal de Apelaciones al dene-gar la expedición del recurso de certiorari bajo el funda-mento que, aun cuando se trataba de una cuestión de de- *503 recho, la determinación que se pretendía revisar estaba estrictamente vinculada a la prueba desfilada durante la vista preliminar y a la aquilatación que el tribunal de ins-tancia hizo de la prueba, incluyendo la credibilidad que le merecieron o no los testigos que declararon en dichas vistas.
III
En mérito de lo antes expuesto, procede dictar sentencia confirmatoria de la emitida por el Tribunal de Apelaciones y devolver el caso al foro de instancia para procedimientos ulteriores compatibles con lo aquí resuelto.

Se dictará Sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri no intervino.

 En particular, le asiste el derecho a presentar prueba a su favor, a confron-tarse con la prueba de cargo, a una adecuada representación legal y a un juicio rápido, además de la garantía constitucional contra la auto incriminación y la regla de exclusión de evidencia obtenida mediante un registro o allanamiento ilegal. Pueblo en interés menor A.L.G.V., 170 D.P.R. 987 (2007); Pueblo en interés menor E.R.C., 149 D.P.R. 804 (1999); Pueblo en interés menor G.R.S., 149 D.P.R. 1 (1999); Pueblo en interés menores A.L.R.G. y F.R.G., 132 D.P.R. 990 (1992); Pueblo en interés menor N.O.R., 136 D.P.R. 949 (1994).

 Este caso es una secuela de Pueblo v. Martínez Torres, 120 D.P.R. 496 (1988), en donde revocamos una sentencia contra el acusado por haberse admitido errónea-mente una prueba obtenida como producto de un registro ilegal, aun cuando el acu-sado solicitó su exclusión en varias ocasiones.